IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH A. SGRO,                        )
        Plaintiff,                      )
                                        )
    v.                                  )
                                        )
UNITED STATES OF AMERICA,               )   Civil Action No. 04-1415
        Defendant and Third-            )
        Party Plaintiff,                )
                                        )
    v.                                  )
                                        )
KURT A. SANDERS and                     )
JOSEPHINE M. SANDERS,                   )
        Third-Party                     )
        Defendants.                     )

MEMORANDUM AND ORDER

Gary L. Lancaster,                                      July 27, 2006
District Judge.

This is tax refund action. Plaintiff alleges that the Internal Revenue Service ("IRS") erroneously assessed her for federal income tax and federal wage tax. She seeks a tax refund and a determination by the court that she is not a "responsible person" under section 6672 of the Internal Revenue Code (the "Code"). Defendant filed a counter-claim against plaintiff seeking trust funds (plus interest and fees) owed from federal wage tax for tax years 1997-99. In support of its position, defendant alleges that pursuant to section 6672 of the Code, plaintiff was in fact a "responsible person" for collecting and paying over trust funds from employee wage taxes for a business

she was involved in called D.A.S. Sanders Restaurant, Inc.[1]

The parties have filed cross motions for summary judgment under Fed. R. Civ. P. 56(c). The cross motions both turn on the same exact issues; that is, whether Sgro is a "responsible person" under section 6672 of the Code, and if so, whether she willfully failed to pay the amount due to the IRS. Plaintiff argues that she is not a "responsible person" because she neither possessed nor exercised authority over the financial affairs of the business at issue here. Moreover, she argues that even if she was deemed a "responsible person," she did not act willfully or with reckless disregard in failing to collect or pay over the taxes due to the IRS.

The IRS argues that plaintiff is a "responsible person" because she had check signing authority, served as vice president of the taxpayer corporation, and had a fifty percent ownership in the company. Defendant further argues that as a "responsible person," plaintiff had a duty to investigate whether the trust fund monies were being appropriately withheld, accounted for, and paid over.

---

[1] Defendant, the United States of America, also filed a third-party complaint against Josephine and Kurt Sanders on January 11, 2005. Default judgment was entered against Josephine and Kurt Sanders on March 22, 2005. As such, their status as third-party defendants in this litigation is not relevant to the parties' motions for summary judgment.

For the reasons that follow, both parties' motions for summary judgment will be DENIED.

I.  BACKGROUND

Unless otherwise indicated, the following facts are undisputed.

Plaintiff Sgro, along with her sister, Josephine Sanders, and her brother-in-law, Kurt Sanders, owned and operated D.A.S. Sanders Restaurant, Inc. (the "Restaurant") from 1988 through December 1999. Sgro owned a fifty percent stake in the Restaurant, and the Sanders shared the other fifty percent ownership stake jointly. Kurt Sanders served as President, Josephine Sanders served as Secretary, and Sgro served as Vice President of the corporation Restaurant. Practically speaking, Sgro was responsible for the "front of the house" operations, while her brother-in-law, Kurt Sanders, handled the "back of house" operations. In other words, Sgro managed the dining room, banquet area, and bar. Kurt Sanders handled the kitchen and food preparation, as well as the office management. It appears from the record that he was primarily in charge of the financial affairs of the Restaurant. The parties disagree as to the extent of Sgro's involvement in the financial aspects of the Restaurant. All three owners of the Restaurant had the authority to write checks on behalf of the company.

3

Although Sgro had access to the office containing the Restaurant's financial documents, she did not prepare or sign any payroll tax returns. Instead, Kurt Sanders prepared all Form 941 quarterly tax returns of the Restaurant.

Sgro argues that she did not become aware that the withholding taxes were not being paid until 1999. Defendant asserts that notice of the Restaurant's failure to pay its federal employment tax obligations for 1994, 1995, and 1996 were sent to Sgro's residence on April 24, 1997.

II.   STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247-48. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude

the entry of summary judgment. Id. at 248. Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id.

It is on this standard that the court has reviewed the parties' cross motions for summary judgment and responses thereto. Based on the pleadings and evidence of record, and the briefs filed in support and opposition thereto, the court concludes, as a matter of law, that there remains a genuine dispute over material facts which precludes the entry of summary judgment in this matter.

III. DISCUSSION

There is a genuine issues of material fact in this case as to whether plaintiff is a "responsible person" pursuant to §6672 of the Code. Specifically, §6672 of the Code states, in pertinent part:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a

5

>     penalty equal to the total amount of tax
>     evaded, or not collected, or not accounted
>     for and paid over.

As such, the question of plaintiff's liability under §6672 presents two issues: whether Sgro is a responsible person and whether she willfully failed to collect, truthfully account for or pay over federal employment taxes. United States v. Carrigan, 31 F.3d 130, 133 (3d Cir. 1994). Because defendant must prove both prongs under §6672 to establish plaintiff's tax liability, we will first address the responsible person issue.

The Court of Appeals for the Third Circuit instructs us to consider the following factors, inter alia, in determining whether an individual is a responsible person:

(1) the duties of the officer as outlined by the corporate by-laws;

(2) the ability of the individual to sign checks of the corporation;

(3) the taxpayer's signature on the employer's federal or other tax returns;

(4) the identity of the officers, directors and shareholders of the corporation;

(5) the identity of individuals who hired and fired employees; and

(6) the identity of the individual(s) who were in charge of the financial affairs of the corporation.

6

Carrigan, 31 F.3d at 133. Applying the above principals to the present case, we find that there is a genuine issue of material fact concerning whether Sgro was a responsible person, based on several of the above factors. First, there is a genuine issue of material fact as to whether she hired and fired employees, and whether she had significant control[2] over the financial affairs of the corporation. It appears from the record that Kurt Sanders had significant control over the financial affairs of the Restaurant; however, there is factual dispute as to whether plaintiff also qualified as having significant control over the finances. Moreover, although Sgro had check signing authority, it is unclear whether or not she regularly signed company checks. The mere fact that Sgro held the position of vice president of the Restaurant is of little consequence. Given that the Restaurant was a family owned and operated business, we do not find plaintiff's corporate title dispositive here.

The fact finder must determine whether these and other disputed facts establish that plaintiff is a responsible person under §6672. The fact finder must also determine the credibility

---

[2] We note that, "a responsible person need not have exclusive control over the company's finances, he need only have significant control." Carrigan, 31 F.3d at 133. Here, the fact finder must determine whether plaintiff had sufficient authority and status to exercise control over the Restaurant's finances, or if Kurt Sanders did so exclusively.

of witnesses regarding the degree, if any, of financial control exercised by plaintiff.

Because we find that a genuine issue of material fact exists as to whether plaintiff is a "responsible person," we need not address whether she acted willfully by failing to pay the Restaurant's trust fund taxes over to the IRS. If the fact finder determines that plaintiff meets the requirements of a "responsible person" under section 6672 of the Code, the fact finder must then determine whether she acted willfully.

IV.  CONCLUSION

Accordingly, this 27th day of July, 2006, upon consideration of the parties' cross-motions for summary judgment [document nos. 21 and 24], IT IS HEREBY ORDERED that (1) plaintiff's motion for summary judgment is DENIED, and (2) defendant's motion for summary judgement is DENIED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record